UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
DORIS THOMAS and LEON THOMAS,

                Plaintiffs,

- against -

WAL-MART STORES, INC., WAL-MART
STORES, INC. d/b/a SAM's CLUB, SAM'S
REAL ESTATE BUSINESS TRUST, SAM'S
CLUB and FACILITYSOURCE, LLC.,

                Defendants.
-----------------------------------------------------------------X

Case No.: 7:19-CV-03185

**AMENDED COMPLAINT**

Upon information and belief, Plaintiffs, DORIS THOMAS and LEON THOMAS, by and through their attorneys, STOLZENBERGCORTELLI, LLP, allege as follows:

## THE PARTIES

1. That at all times hereinafter mentioned, the plaintiffs, Doris Thomas and Leon Thomas, were residents of 138 Prospect Avenue, White Plains, New York, 10603.

2. That upon information and belief, and at all times mentioned, defendant WAL-MART STORES, INC. was and still is a legal entity authorized to conduct business within the State of New York.

3. That upon information and belief, and at all times mentioned, defendant WAL-MART STORES, INC. d/b/a SAM's CLUB was and still is a legal entity authorized to conduct business within the State of New York.

4. That upon information and belief, and at all times mentioned, defendant SAM'S REAL ESTATE BUSINESS TRUST was and still is a legal entity authorized to conduct business within the State of New York.

5. That upon information and belief, and at all times mentioned, defendant SAM'S CLUB was and still is a legal entity authorized to conduct business within the State of New York.

6. That upon information and belief, and at all times mentioned, defendant FACILITYSOURCE, LLC. was and still is a legal entity authorized to conduct business within the State of New York.



## JURISDICTION

7. This Court does not have jurisdiction over this action as this action is between citizens of New York State, and it is anticipated that a potential defendant is a New York entity that was retained to clear snow and ice from the Sam's Club parking lot. The identity of the potential defendant is unknown at this time.

8. Plaintiffs are residents of New York State.

9. At all times mentioned herein, SAM'S CLUB is an American chain of membership-only retail warehouse clubs founded in 1983 and named after Walmart founder Sam Walton.

10. One of these SAM'S CLUB's is located at 333 Saw Mill River Road, Elmsford, New York.

11. At all times mentioned herein, upon information and belief, defendant WAL-MART STORES, INC. owned the premises known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

12. At all times mentioned herein, upon information and belief, defendant WAL-MART STORES, INC. was the lessor of the premises known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

13. At all times mentioned herein, upon information and belief, defendant WAL-MART STORES, INC. was the lessee of the premises known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

14. At all times mentioned herein, upon information and belief, defendant WAL-MART STORES, INC. owned the business known as Sam's Club located at 333 Saw Mill River Road, Elmsford, New York.

15. At all times mentioned herein, upon information and belief, defendant WAL-MART STORES, INC. operated the business known as Sam's Club, located at 333 Saw Mill River Road, Elmsford, New York.

16. At all times mentioned herein, upon information and belief, defendant WAL-MART STORES, INC. managed the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

17. At all times mentioned herein, upon information and belief, defendant WAL-MART STORES, INC. maintained the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

18. At all times mentioned herein, upon information and belief, defendant WAL-MART STORES, INC. controlled the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.



19. At all times mentioned herein, upon information and belief, defendant WAL-MART STORES, INC. hired agents, servants, and/or employees working at the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

20. At all times mentioned herein, upon information and belief, defendant WAL-MART STORES, INC. trained agents, servants, and/or employees working at the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

21. At all times mentioned herein, upon information and belief, defendant WAL-MART STORES, INC. supervised agents, servants, and/or employees working at the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

22. At all times mentioned herein, upon information and belief, defendant WAL-MART STORES, INC. d/b/a SAM's CLUB owned the premises known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

23. At all times mentioned herein, upon information and belief, defendant WAL-MART STORES, INC. d/b/a SAM's CLUB was the lessor of the premises known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

24. At all times mentioned herein, upon information and belief, defendant WAL-MART STORES, INC. d/b/a SAM's CLUB was the lessee of the premises known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

25. At all times mentioned herein, upon information and belief, defendant WAL-MART STORES, INC. d/b/a SAM's CLUB owned the business known as Sam's Club located at 333 Saw Mill River Road, Elmsford, New York.

26. At all times mentioned herein, upon information and belief, defendant WAL-MART STORES, INC. d/b/a SAM's CLUB operated the business known as Sam's Club, located at 333 Saw Mill River Road, Elmsford, New York.

27. At all times mentioned herein, upon information and belief, defendant WAL-MART STORES, INC. d/b/a SAM's CLUB managed the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

28. At all times mentioned herein, upon information and belief, defendant WAL-MART STORES, INC. d/b/a SAM's CLUB maintained the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.



29. At all times mentioned herein, upon information and belief, defendant WAL-MART STORES, INC. d/b/a SAM's CLUB controlled the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

30. At all times mentioned herein, upon information and belief, defendant WAL-MART STORES, INC. d/b/a SAM's CLUB hired agents, servants, and/or employees working at the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

31. At all times mentioned herein, upon information and belief, defendant WAL-MART STORES, INC. d/b/a SAM's CLUB trained agents, servants, and/or employees working at the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

32. At all times mentioned herein, upon information and belief, defendant WAL-MART STORES, INC. d/b/a SAM's CLUB supervised agents, servants, and/or employees working at the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

33. At all times mentioned herein, upon information and belief, defendant SAM'S REAL ESTATE BUSINESS TRUST owned the premises known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

34. At all times mentioned herein, upon information and belief, defendant SAM'S REAL ESTATE BUSINESS TRUST was the lessor of the premises known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

35. At all times mentioned herein, upon information and belief, defendant SAM'S REAL ESTATE BUSINESS TRUST was the lessee of the premises known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

36. At all times mentioned herein, upon information and belief, defendant SAM'S REAL ESTATE BUSINESS TRUST owned the business known as Sam's Club located at 333 Saw Mill River Road, Elmsford, New York.

37. At all times mentioned herein, upon information and belief, defendant SAM'S REAL ESTATE BUSINESS TRUST operated the business known as Sam's Club, located at 333 Saw Mill River Road, Elmsford, New York.

38. At all times mentioned herein, upon information and belief, defendant SAM'S REAL ESTATE BUSINESS TRUST managed the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.



39. At all times mentioned herein, upon information and belief, defendant SAM'S REAL ESTATE BUSINESS TRUST maintained the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

40. At all times mentioned herein, upon information and belief, defendant SAM'S REAL ESTATE BUSINESS TRUST controlled the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

41. At all times mentioned herein, upon information and belief, defendant SAM'S REAL ESTATE BUSINESS TRUST hired agents, servants, and/or employees working at the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

42. At all times mentioned herein, upon information and belief, defendant SAM'S REAL ESTATE BUSINESS TRUST trained agents, servants, and/or employees working at the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

43. At all times mentioned herein, upon information and belief, defendant SAM'S REAL ESTATE BUSINESS TRUST supervised agents, servants, and/or employees working at the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

44. At all times mentioned herein, upon information and belief, defendant SAM'S CLUB owned the premises known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

45. At all times mentioned herein, upon information and belief, defendant SAM'S CLUB was the lessor of the premises known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

46. At all times mentioned herein, upon information and belief, defendant SAM'S CLUB was the lessee of the premises known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

47. At all times mentioned herein, upon information and belief, defendant SAM'S CLUB owned the business known as Sam's Club located at 333 Saw Mill River Road, Elmsford, New York.

48. At all times mentioned herein, upon information and belief, defendant SAM'S CLUB operated the business known as Sam's Club, located at 333 Saw Mill River Road, Elmsford, New York.



49. At all times mentioned herein, upon information and belief, defendant SAM'S CLUB managed the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

50. At all times mentioned herein, upon information and belief, defendant SAM'S CLUB maintained the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

51. At all times mentioned herein, upon information and belief, defendant SAM'S CLUB controlled the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

52. At all times mentioned herein, upon information and belief, defendant SAM'S CLUB hired agents, servants, and/or employees working at the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

53. At all times mentioned herein, upon information and belief, defendant SAM'S CLUB trained agents, servants, and/or employees working at the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

54. At all times mentioned herein, upon information and belief, defendant SAM'S CLUB supervised agents, servants, and/or employees working at the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

55. At all times mentioned herein, upon information and belief, defendant FACILITYSOURCE, LLC. owned the premises known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

56. At all times mentioned herein, upon information and belief, defendant FACILITYSOURCE, LLC. was the lessor of the premises known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

57. At all times mentioned herein, upon information and belief, defendant FACILITYSOURCE, LLC. was the lessee of the premises known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

58. At all times mentioned herein, upon information and belief, defendant FACILITYSOURCE, LLC. operated the business known as Sam's Club, located at 333 Saw Mill River Road, Elmsford, New York.

59. At all times mentioned herein, upon information and belief, defendant FACILITYSOURCE, LLC. managed the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.



60. At all times mentioned herein, upon information and belief, defendant FACILITYSOURCE, LLC. maintained the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

61. At all times mentioned herein, upon information and belief, defendant FACILITYSOURCE, LLC. controlled the business known as Sam's Club, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

62. At all times mentioned herein, upon information and belief, defendant FACILITYSOURCE, LLC. was the facility's manager of the aforementioned premises, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

63. At all times mentioned herein, upon information and belief, defendant FACILITYSOURCE, LLC. hired agents, servants, and/or employees working at the aforementioned premises, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

64. At all times mentioned herein, upon information and belief, defendant FACILITYSOURCE, LLC. trained agents, servants, and/or employees working at the aforementioned premises, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

65. At all times mentioned herein, upon information and belief, defendant FACILITYSOURCE, LLC. supervised agents, servants, and/or employees working at the aforementioned premises, including the adjacent parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

## FACTUAL AND GENERAL ALLEGATIONS

### FACTS

66. That at all times hereinafter mentioned, on March 18, 2017, approximately between 7:30 a.m. and 7:45 a.m., and prior thereto, an icy/snowy condition existed at the Sam's Club parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

67. That on March 18, 2017, approximately between 7:30 a.m. and 7:45 a.m., while lawfully walking/using said parking lot, plaintiff, DORIS THOMAS, sustained serious and severe personal injuries when she was caused to slip and be precipitated to the ground due to the aforementioned dangerous, icy, snowy, slippery and defective condition located on the said premises.

### CAUSE OF ACTION

68. That on March 18, 2017, while legally and lawfully on said premises at the above-referenced location, plaintiff DORIS THOMAS, was injured due to the negligence,



recklessness and carelessness in the ownership, operation, maintenance, management and control of the above location by the defendants, by their agents, servants and/or employees, when the plaintiff was caused to slip and fall due to an icy/snowy, slippery and defective condition located at the Sam's Club parking lot, located at 333 Saw Mill River Road, Elmsford, New York.

69. That defendants by way of their involvement in the (1) business known as Sam's Club and (2) premises located at 333 Saw Mill River Road, owed a duty of care to those who were on said property, including the parking lot located thereat, to ensure that it was maintained in a reasonably safe condition and upon legal notice free of snow, ice and other weather-related condition that could cause one to slip, trip and fall.

70. The said occurrence and injuries sustained by this plaintiff were occasioned solely and wholly through and by reason of the carelessness, recklessness and negligence of the defendant(s), by its agents, servants and/or employees, in causing, allowing, and permitting the said location to be and remain in the said dangerous, slippery and hazardous condition; in failing and omitting to take proper care and caution for the maintenance of the said location used by persons lawfully at said location; in failing and omitting to see to it that the parking lot and drive aisle afforded for accessibility to persons such as the plaintiff and were at all times maintained in a reasonable and suitable condition and free from any and all dangers and hazards; in carelessly and negligently causing, creating, allowing and permitting for a long period of time prior to the plaintiff's fall down, the said parking lot and drive aisle of said premises, to be, become and remain in an unsafe and otherwise dangerous, snowy/icy, slippery and hazardous condition; in failing to shovel/plow or otherwise remove the snow/ice from the said sidewalk/walkway; in failing to sand, salt or otherwise take measures to remediate the aforesaid dangerous, hazardous and slippery condition; in causing, creating, permitting and allowing said areas of public accessibility to persons such as the plaintiff to become and remain in an unsafe, hazardous and unpassable condition; in carelessly and negligently failing to furnish or provide proper safeguards, barriers, banisters, appliances and equipment to protect those persons lawfully at said location against said snowy/icy, dangerous, slippery and hazardous condition as existed thereat; in failing and neglecting to maintain the aforesaid area in a safe and proper condition, free from any and all defects, hazards, foreign objects, and to provide a safe passage for those persons lawfully using said parking lot and drive aisle, and exposing the plaintiff to an unreasonable risk of harmful injuries; in creating a menace, nuisance and trap thereat; in allowing the said parking lot and drive aisle to become and remain in a snowy/icy, slippery and in a precarious and defective condition; in failing to give any notice or warning to persons lawfully and legally walking and using said parking lot and drive aisle of the dangerous and hazardous condition existing thereat; in violating the statutes, ordinances, rules and regulation, law codes and charter provisions of the State of New York, at the time applicable thereat, all of which the Court will take judicial notice at the time of trial as required by law and were otherwise careless and negligent in failing to use proper and suitable precautions for plaintiff's safety.

71. That defendants, through their agents, servants and/or employees, carelessly and negligently caused and created a dangerous condition, to be, become and remain on the



said parking lot and drive aisle located at the aforementioned premises, and the said location was maintained in such a negligent manner so that it was dangerous and unsafe for persons lawfully and legally using said parking lot.

72. That the said occurrence and serious and severe injuries sustained by plaintiff DORIS THOMAS, were occasioned without any negligence on the part of the plaintiff in any manner contributing thereto.

73. That by reason of the aforesaid, plaintiff DORIS THOMAS, was rendered sick, sore, lame, disabled and her injuries, upon information and belief, are of a permanent nature; she has had and will have pain and suffering and a loss of enjoyment of life including the inability to work at his vocation, and she is informed and verily believes that she will be in the future, obliged to incur expenses and obligations for medication, medical care, attention and treatment.

## DEMAND

74. *WHEREFORE*, the plaintiffs DORIS THOMAS and LEON THOMAS, demand judgment against the defendants in the amount of:

    a. Five Million Dollars ($5,000,000.00)

    b. All together with interest, costs and disbursements; and

    c. Such other and further relief as this Court deems just and proper.

A JURY TRIAL IS HEREBY DEMANDED

DATED: White Plains, New York
       May 22, 2019

Yours, etc.



TERRENCE JAMES CORTELLI (TC0692)
STOLZENBERGCORTELLI, LLP
*Attorneys for Plaintiffs*
*DORIS THOMAS and LEON THOMAS*
305 Old Tarrytown Road
White Plains, New York
(914) 361-4888
E-Mail: Terrence@sclawny.com